LEWIS, CLIFTON & NIKOLAIDIS, P.C.
ATTORNEYS AT LAW
350 SEVENTH AVENUE
SUITE 1800
NEW YORK, N.Y. 10001-5013
(212) 419-1500

FACSIMILE
(212) 419-1510

DANIEL E. CLIFTON
LOUIE NIKOLAIDIS ◊
ELAINE L. SMITH

OF COUNSEL
MARK J. LOPEZ *

◊ ADMITTED IN NY AND NJ
* ADMITTED IN NY, NJ AND IL

EVERETT E. LEWIS (1924-2007)

NEW JERSEY OFFICE
340 GEORGE STREET
NEW BRUNSWICK, N.J. 08901
(732) 690-0100



August 3, 2010

The Honorable Stefan R. Underhill
United States District Court
Brien McMahon Federal Building
915 Lafayette Blvd., Suite 411
Bridgeport, CT 06604
*By Facsimile (203) 579-5704*

   Re: *Green Party of Connecticut v. Garfield*, 3:06-cv1030

Dear Judge Underhill:

  Please accept this correspondence as plaintiffs' response to the arguments that were raised during yesterday's teleconference. The purpose of the conference was to discuss whether the severance question at issue in the case should be certified to the State Supreme Court. After hearing argument the Court decided to certify the question.

  During the conference the Court also heard argument on the Motion to Intervene filed by Dan Malloy. The motion was granted and the new intevenor ("Malloy") immediately raised the argument that any injunction entered by the Court enjoining the matching fund provisions should only apply "prospectively", in order to allow his campaign to receive matching funds. As we understand this argument, Malloy would ideally like the Court to delay entry or operation of the injunction until after the general election to avoid the possibility that he might be placed at spending disadvantage against his opponent. The only authority offered in support for this position was this Court's decision denying Tom Foley's Motion for a Temporary Restraining Order on July 23, 2010. The denial of the TRO in that case was based on an assessment of the balance of hardships. There is no need for the Court to undertake a similar assessment in this case because plaintiffs have already established there entitlement to relief when the Second Circuit affirmed on Counts II and III. Any burden on Malloy is subordinated to the First Amendment rights of those who stand to benefit from the Court's ruling.

  While Malloy's predicament is unfortunate, the blame rests with the legislature for failing to provide for the possibility that this Court's decision would be

affirmed. It has been almost one year since the Court enjoined enforcement of the matching fund provisions on the strength of the holding in *Davis v. Federal Elections Comm'n*, 128 S.Ct. 2759 (2008). Instead of coming up with a contingency that would protect candidates who acted in reliance on the matching fund provisions, the legislature took its chances that it would prevail on appeal. Then last June, when the Supreme Court took the extraordinary step of intervening in the Arizona public financing case and prohibited the distribution of matching funds under a system substantially identical to Connecticut's, the legislature again failed to adopt an alternative funding mechanism.[1]

In addition to the arguments made by Malloy, the Blondin-Intervenors raised for the first time the argument that the Court should delay entry of the injunction until either (1) the question certified to the State Supreme Court is ruled on, or (2) the Court has time to develop a full factual record on the scope of the injunction. Both of these arguments are meritless.

Concerning the first objection, there is nothing that the State Supreme Court can do that will affect this Court's authority to enjoin those provisions of CFRA -- including the matching fund provisions – found unconstitutional. The question that has been certified only seeks a determination whether those provisions are severable or whether the entire statute is rendered inoperative by §9-717. The answer to that question in no way depends on the validity or constitutionality of the matching fund provisions. That has already been established and the Connecticut Supreme Court cannot alter that determination. The intervenors' contention that the issuance of an injunction will somehow cramp the State Supreme Court is pure hyperbole – especially when you consider that the legislature can resolve the severance by the simple expedient of repealing it.

Concerning the claim that the Second Circuit required the development of a full record before this court acts, the decision was clearing referring to the scope of the injunction in light of severance question. Nothing in the Court's decision casts doubt on this court's authority to enjoin the unconstitutional provisions. Any delay in the entry of an injunction could lead to the perverse result that matching funds will continue to be available and that the unconstitutional restrictions on lobbyists and state contractors will remain in place. That is no plausible basis to believe that the Court of Appeals intended this result. If the Court's intention was to preserve the *status quo*, it would have said so.

---

[1] The Supreme Court's decision to intervene in the Arizona case has been widely reported because it means that the district court injunction prohibiting the payment of matching funds under Arizona's public financing program is now in effect – despite the claim that the injunction would disrupt the 2010 elections by changing the rules mid-cycle. The Court entered an *Order* vacating the stay of the district court injunction and staying the mandate of the Ninth Circuit decision in *McComish v. Bennett*, No. 10-15165 (5/21/2010). The application to vacate the stay was granted pending the timely filing and disposition of a petition for a writ of certiorari. The *Order* is docketed as case number 09A1133 (6/8/2010).

                                        Respectfully submitted,

                                        Mark J. Lopez
                                        *Counsel for Plaintiffs*

cc: All counsel (via electronic mail)

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2010, a copy of the foregoing Letter Memorandum in Response to the Court's Proposed Certification Order was filed electronically. Notice of this filing will be sent by electronic mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        /s/ David J. McGuire
                                        David J. McGuire
                                        Counsel for Plaintiffs