UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREEN PARTY OF CONNECTICUT, et al.,<br>    Plaintiffs,<br><br>    v.<br><br>ALBERT P. LENGE, in his official capacity as Executive Director and General Counsel of the State Elections Enforcement Commission, et al.,<br>    Defendants. | CIVIL ACTION NO.<br>3:06cv1030 (SRU) |

### ORDER DENYING DEFENDANT-INTERVENORS' MOTION TO STAY

The Defendant-Intervenors, Dannel Malloy and Dan Malloy for Governor, have moved to stay entry of an injunction of portions of the Connecticut Campaign Finance Reform Act ("CFRA") in accordance with the Court of Appeal's decisions holding those provisions unconstitutional. *See Green Party of Conn. v. Garfield*, ___ F.3d ___, 09-0559-cv(L), 09-609-cv(CON), slip op. at 27, 32 (2d Cir. July 13, 2010) (holding that CFRA's ban on lobbyist campaign contributions to, and lobbyist and state contractor solicitation of campaign contributions on behalf of, candidates for state office violates the First Amendment); *Green Party of Conn. v. Garfield*, ___ F.3d ___, 09-3760-cv(L), 09-3941-cv(CON), slip op. at 44 (2d Cir. July 13, 2010) (holding that CFRA's excess and independent expenditure trigger provisions violate the First Amendment). In particular, the intervening defendants seek to stay an injunction of the Citizens' Election Program ("CEP") from distributing matching funds, pursuant to Conn. Gen. Stat. § 9-713 & 9-714, triggered by excess campaign expenditures by candidates not participating in Connecticut's public campaign financing system, as well as certain expenditures

made by independent groups. The requested stay would last until after the November 2010 general election.

The defendant-intervenors' arguments are unavailing, however, and their motion must be denied. First, the Court of Appeals has decided that the matching funds provisions of the statute are unconstitutional, and, now that the mandate has issued, it is this court's responsibility to enter an injunction consistent with that holding. This is not a case where the plaintiffs are seeking a preliminary injunction and the merits of the cause of action are undecided; here, rather, the Second Circuit has definitively announced that the plaintiffs are entitled to an injunction against the distribution of matching funds. An injunction shall therefore enter today.

Furthermore, to the extent that a balancing of the equities matters, they favor the plaintiffs. Although the defendant-intervenors relied on the CFRA's continued enforcement, nonparticipating candidates' and independent organizations' speech is burdened by the law's trigger provisions. And now that the mandate has issued, and the Connecticut legislature is on notice that an injunction is forthcoming, the public interest favors the entering of a single order enjoining any future distribution of excess and independent expenditure matching funds. *Cf. Foley v. State Elections Enforcement Comm'n*, No. 3:10cv1091 (SRU), doc. # 16 at 13-14 (D. Conn. July 16, 2010) (holding that public interest disfavored granting of temporary restraining order in advance of Court of Appeals' issuance of mandate in this case). Finally, although the Supreme Court may ultimately resolve the question of the matching funds' constitutionality in the *McComish v. Bennett* litigation, the Court has not granted certiorari yet and the district court's injunction of Arizona's distribution of matching funds in that case is currently in force. *See McComish v. Bennett*, No. 09A1163 (U.S. June 8, 2010) (granting application to vacate Court of Appeals's stay of district court's injunction pending the filing and disposition of petition

for certiorari).  Given the uncertainty of that case, and the fact that Arizona's analogous system of matching funds is presently enjoined, I am not persuaded that a stay is warranted.

For those reasons, the defendant-intervenor's motion to stay (doc. # 415) is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 11th day of August 2010.


      /s/ Stefan R. Underhill
      Stefan R. Underhill
      United States District Judge