UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREEN PARTY OF CONNECTICUT, et al.,<br>　　　Plaintiffs,<br><br>　　　v.<br><br>ALBERT P. LENGE, in his official capacity as Executive Director and General Counsel of the State Elections Enforcement Commission, et al.,<br>　　　Defendants. | CIVIL ACTION NO.<br>3:06cv1030 (SRU) |

## PERMANENT INJUNCTION ORDER

On August 27, 2009, I entered a Memorandum of Decision and Order finding in favor of Green Party of Connecticut ("Green Party"), S. Michael DeRosa and the Libertarian Party with respect to counts one, two and three, and directing that a declaratory judgment shall issue that the Citizens' Election Program ("CEP") unconstitutionally burdens the plaintiffs' rights to political opportunity and that the CEP's trigger provisions burden their First Amendment speech rights, and further directing that the state defendants Jeffrey Garfield and Richard Blumenthal are enjoined from operating and enforcing the CEP. On December 19, 2008, I entered a ruling that the state defendants were entitled to summary judgment with respect to the Association of Connecticut Lobbyists ("ACL") plaintiffs' claims in their entirety and on the claims raised in count four of the Green Party plaintiffs' amended complaint. The ACL, Barry Williams, Ann C. Robinson, Elizabeth Gallo, Joanne P. Phillips, Roger C. Vann were dismissed.

On July 13, 2010, the Court of Appeals affirmed in part and reversed in part those decisions. The Court affirmed my decision in favor of the Green Party, DeRosa, and the

Libertarian Party on counts two and three, enjoining the operation and enforcement of Conn. Gen. Stat. §§ 9-713 & 9-714, the excess and independent expenditure "trigger provisions" for additional matching funds. *Green Party of Conn. v. Garfield*, 09-3760-cv(L), 09-3941-cv(CON), slip op. at 44 (2d Cir. July 13, 2010). The Court reversed my decision with respect to count one, however, and upheld the CEP against the plaintiffs' challenges that the Connecticut campaign finance system's single-election qualification criteria, statewide qualification criteria, and distribution formulae unconstitutionally burdens minor parties' rights to political opportunity. *Id.* at 15. In a separate opinion, the Court affirmed my decision that Conn. Gen. Stat. § 9-612(g)(2), which, in part, bans state contractors from making campaign contributions to candidates for state office, does not violate the First Amendment. *Green Party of Conn. v. Garfield*, 09-0599-cv(L), 09-0609-cv(CON), slip op. at 24 (2d Cir. July 13, 2010). The Court, however, reversed my decisions with respect to Conn. Gen. Stat. § 9-610(g), which bans lobbyists from making campaign contributions to candidates for state office, and Conn. Gen. Stat. §§ 9-610(h) & 9-612(g)(2), which ban lobbyists and state contractors from soliciting campaign contributions for candidates for state office, and held that those provisions violated state contractors' and lobbyists' First Amendment rights. *Id.* at 27, 32.

      Therefore, pursuant to Rule 54 of the Federal Rules of Civil Procedure, judgment is hereby entered in favor of the plaintiffs Green Party of Connecticut, S. Michael DeRosa, and the Libertarian Party with respect to counts two and three because the CEP's excess and independent expenditure trigger provisions burden the plaintiffs' First Amendment speech rights. Judgment is also entered in favor of the plaintiffs the ACL, Barry Williams, Anne C. Robinson, Elizabeth Gallo, Joanne P. Phillips, Roger C. Vann with respect to the claims in count four that the Connecticut Campaign Finance Reform Act ("CFRA")'s prohibition of lobbyists making and

soliciting campaign contributions, and state contractors soliciting campaign contributions, violates the First Amendment.

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the defendants, Albert P. Lenge, in his official capacity as Executive Director and General Counsel of the State Elections Enforcement Commission, and Richard Blumenthal, in his official capacity as Attorney General of the State of Connecticut, and their agents, officers, directors, trustees, servants, employees, and anyone acting in concert with them who receives actual notice of this order, are hereby permanently enjoined from operating and enforcing the CEP's excess and independent expenditure trigger provisions, found at Conn. Gen. Stat. §§ 9-713 & 9-714, and the provisions of the CFRA, found at Conn. Gen. Stat. §§ 9-610(g),(h) & 9-612(g)(2), banning lobbyists from giving campaign contributions to candidates for state office and banning lobbyists and state contractors from soliciting campaign contributions on behalf of candidates for state office.

Finally, I note that there is nothing in this order, and nothing in the CFRA, that prevents the Connecticut legislature from amending its campaign finance statute to eliminate the unconstitutionality giving rise to this injunction.  Furthermore, there is nothing that would prevent the defendants from petitioning this court to lift this injunction following any such amendment.

It is so ordered.

Dated at Bridgeport, Connecticut, this 11th day of August 2010.

    /s/ Stefan R. Underhill
    Stefan R. Underhill
    United States District Judge