UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREEN PARTY OF CONNECTICUT, et al.,<br>    Plaintiffs,<br><br>    v.<br><br>ALBERT P. LENGE, in his official capacity as Executive Director and General Counsel of the State Elections Enforcement Commission, et al.,<br>    Defendants. | No. 3:06cv1030 (SRU) |

### ORDER CERTIFYING QUESTION TO THE CONNECTICUT SUPREME COURT

In two previous rulings, I held provisions of Connecticut's Campaign Finance Reform Act ("CFRA") to be unconstitutional. *See Green Party of Conn. v. Garfield*, 590 F. Supp. 2d 288 (D. Conn. 2008) (upholding CFRA's ban on lobbyist and state contractor campaign contributions and solicitation of campaign contributions); *Green Party of Conn. v. Garfield*, 648 F. Supp. 2d 298 (D. Conn. 2009) (holding CFRA's qualifying criteria and distribution formulae for campaign financing, as well as the statute's excess and independent expenditure trigger provisions, to violate the First Amendment). Those decisions were recently affirmed in part and reversed in part by the Second Circuit Court of Appeals. In *Green Party of Connecticut v. Garfield*, ___ F.3d ___, 09-0559-cv(L), 09-609-cv(CON), slip op. at 27, 32 (2d Cir. July 13, 2010), the Court of Appeals held that the CFRA's ban on lobbyist campaign contributions and lobbyist and state contractor solicitations for campaign contributions violated the First Amendment. Those offending portions of the CFRA are found at Conn. Gen. Stat. §§ 9-610(g),(h) & 9-612(g)(2). In a second opinion, *Green Party of Connecticut v. Garfield*, ___ F.3d ___, 09-3760-cv(L), 09-3941-cv(CON), slip op. at 44 (2d Cir. July 13, 2010), the Court of Appeals held that the excess

and independent expenditure trigger provisions of the Citizens' Election Program ("CEP") – the public campaign finance system created by the CFRA – violated the First Amendment. Those trigger provisions are found at Conn. Gen. Stat. §§ 9-713 & 9-714. The Second Circuit ordered this court to enter a new permanent injunction consistent with its opinions, which I did by order issued today.

In both of its decisions, the Court of Appeals remanded for this court to determine whether the unconstitutional sections of the CFRA could be severed from the statute. In particular, the Second Circuit remanded for this court to determine the meaning and application of Conn. Gen. Stat. § 9-717, which defines the effect of an injunction against the sections of the CFRA establishing and governing the CEP. Subsections (b) and (c) of Conn. Gen. Stat. § 9-717 provide:

> (b) Except as provided for in subsection (a) or (c) of this section, if, on or after April fifteenth of any year in which a state election is scheduled to occur, a court of competent jurisdiction prohibits or limits, or continues to prohibit or limit, the expenditure of funds from the Citizens' Election Fund established in section 9-701 for grants or moneys for candidate committees authorized under sections 9-700 to 9-716, inclusive, for a period of thirty days or more, (1) sections 1-100b, 9-700 to 9-716, inclusive, 9-750, 9-751 and 9-760 and section 49 of public act 05-5 of the October 25 special session shall be inoperative and have no effect with respect to any race that is the subject of such court order until December thirty-first of such year, and (2) (A) the amendments made to the provisions of the sections of the general statutes pursuant to public act 05-5 of the October 25 special session shall be inoperative until December thirty-first of such year, (B) the provisions of said sections of the general statutes, revision of 1958, revised to December 30, 2006, shall be effective until December thirty-first of such year, and (C) the provisions of subsections (g) to (j), inclusive, of section 9-612 shall not be implemented until December thirty-first of such year. If, on the April fifteenth of the second year succeeding such original prohibition or limitation, any such prohibition or limitation is in effect, the provisions of subdivisions (1) and (2) of this section shall be implemented and remain in effect without the time limitation described in said subdivisions (1) and (2).

> (c) If, during a year in which a state election is held, on or after the second Tuesday in August set aside as the day for a primary under section 9-423, a court of competent jurisdiction prohibits or limits the expenditure of funds from the Citizens' Election Fund established in section 9-701 for grants or moneys for candidate committees authorized under sections 9-700 to 9-716, inclusive, for a period of fifteen days, or if said Tuesday occurs during a period of fifteen days or more in which period such a court continues to prohibit or limit such expenditures, then, after any such fifteen-day period, (1) sections 1-100b, 9-700 to 9-716, inclusive, 9-750, 9-751 and 9-760 and section 49 of public act 05-5 of the October 25 special session shall be inoperative and have no effect with respect to any race that is the subject of such court order until December thirty-first of such year, and (2) (A) the amendments made to the provisions of the sections of the general statutes pursuant to public act 05-5 of the October 25 special session shall be inoperative until December thirty-first of such year, (B) the provisions of said sections of the general statutes, revision of 1958, revised to December 30, 2006, shall be effective until December thirty-first of such year, and (C) the provisions of subsections (g) to (j), inclusive, of section 9-612 shall not be implemented until December thirty-first of such year. If, on the April fifteenth of the second year succeeding such original prohibition or limitation, any such prohibition or limitation is in effect, the provisions of subdivisions (1) and (2) of this section shall be implemented and remain in effect without the time limitation described in said subdivisions (1) and (2).

The meaning of those subsections is "far from clear," as the Court of Appeals described. *See Green Party*, 09-3760-cv(L), 09-3941-cv(CON), slip op. at 53. Furthermore, the issue of the CFRA's severability presents "unsettled and significant questions of state law that will control the outcome the case," by determining the scope and effect of this court's injunction. *Halebian v. Berv*, 590 F.3d 195, 214 (2d Cir. 2009) (quoting *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 229 (2d Cir. 2006)). Therefore, pursuant to Conn. Gen. Stat § 51-199b, I certify the following question to the Connecticut Supreme Court:

> Whether the excess and independent expenditure trigger provisions, found at Conn. Gen. Stat. §§ 9-713 & 9-714, may be severed from the balance of the Campaign Finance Reform Act, or whether this court's order enjoining those provisions has the effect, by virtue of Conn. Gen. Stat. § 9-717, of rendering the entire Citizens' Election Program (and other provisions of the Campaign

     Finance Reform Act) inoperative.

Pursuant to Conn. Gen. Stat. § 51-199b(f)(4), the names and addresses of counsel are included as a separate attachment to this order.

It is so ordered.

Dated at Bridgeport, Connecticut, this 11th day of August 2010.

                                              /s/ Stefan R. Underhill
                                                Stefan R. Underhill
                                                United States District Judge

**ATTACHMENT:  NAMES AND ADDRESSES OF COUNSEL**[*]

Plaintiffs' Counsel

| | | |
|---|---|---|
| Mark J. Lopez | David McGuire | R. Bartley Halloran |
| Lewis, Clifton & Nikolaidis | ACLU of Connecticut | Law Office of R. Bartley |
| 275 Seventh Ave. | 2074 Park Street | Halloran |
| Suite 2300 | Hartford, CT 06106 | 74 Batterson Park Rd. |
| New York, NY 10001-6708 | (860) 523-9146, ext. 212 | Farmington, CT 06032 |
| (212) 419-1512 | dmcguire@acluct.org | (860) 676-3222 |
| mlopez@lcnlaw.com | | rhalloran@ldlaw.com |

Defendants' Counsel

| | |
|---|---|
| Perry A. Zinn Rowthorn | Maura Murphy-Osborne |
| Attorney General's Office | Attorney General's Office |
| 55 Elm Street, PO Box 120 | 55 Elm Street |
| Hartford, CT 06141-0120 | Hartford, CT 06141 |
| (860) 808-5020 | (860) 808-5020 |
| perry.zinn-rowthorn@po.state.ct.us | maura.murphyosborne@ct.gov |

Audrey Blondin, Common Cause of Connecticut, Connecticut Citizen Action Group, and Tom Sevigny Intervening-Defendants' Counsel

| | |
|---|---|
| Ira Feinberg | Monica Youn |
| Hogan Lovells | Brennan Center for Justice |
| 875 Third Avenue | NYU School of Law |
| New York, NY 10022 | 161 Avenue of the Americas, 12th Floor |
| (212) 918-3100 | New York, NY 10013 |
| imfeinberg@hhlaw.com | (212) 998-6741 |
| | monica.youn@nyu.edu |

Daniel Malloy and Dan Malloy for Govern Intervening-Defendants' Counsel

| | |
|---|---|
| James A. Wade | Nuala E. Droney |
| Robinson & Cole | Robinson & Cole |
| 280 Trumbull Street | 280 Trumbull Street |
| Hartford, CT 06103 | Hartford, CT 06103 |
| (860) 275-8270 | (860) 275-8346 |
| jwade@rc.com | ndroney@rc.com |

---

[*] This list represents the primary counsel for each side; other attorneys have entered appearances in the case, although they are not listed here.