UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREEN PARTY OF CONNECTICUT, S. MICHAEL DEROSA, LIBERTARIAN PARTY OF CONNECTICUT, ELIZABETH GALLO, JOANNE P. PHILIPS, ANN C. ROBINSON and ROGER C. VANN,<br>         Plaintiffs,<br><br>         v.<br><br>JEFFREY GARFIELD, in his official capacity as Executive Director and General Counsel of the State Elections Enforcement Commission; RICHARD BLUMENTHAL, in his official capacity as Attorney General of the State of Connecticut,<br>         Defendants, | CIVIL ACTION NO.<br>3:06cv1030 (SRU) |

## JUDGMENT

This cause came on for a bench trial before the Honorable Stefan R. Underhill, United States District Judge, as a result of a complaint for injunctive relief.  On August 27, 2009, the Court entered a Memorandum of Decision and Order finding in favor of Green Party of Connecticut, S. Michael DeRosa and the Libertarian Party with respect to counts one, two and three, and directing that a declaratory judgment shall issue that the CEP unconstitutionally burdens the plaintiffs' rights to political opportunity and that the CEP's trigger provisions burden their First Amendment speech rights, and further directing that the state defendants Jeffrey Garfield and Richard Blumenthal are enjoined from operating and enforcing the CEP.  On February 11, 2009, the Court entered a Partial Judgment in favor of the government with respect to the Association of Connecticut Lobbyist ("ACL") plaintiffs' claims in their entirety and on the

claims raised in count four of the Green Party plaintiffs' amended complaint only.  ACL, Barry Williams, Ann C. Robinson, Elizabeth Gallo, Joanne P. Phillips, Roger C. Vann were dismissed.

On July 13, 2010, the Court of Appeals affirmed in part and reversed in part those decisions.  The Court of Appeals affirmed the Court's decision in favor of the Green Party, DeRosa, and the Libertarian Party on counts two and three, enjoining the operation and enforcement of Conn. Gen. Stat. §§ 9-713 & 9-714, the excess and independent expenditure "trigger provisions" for additional matching funds.  *Green Party of Conn. v. Garfield*, 616 F.3d 213, 244-46 (2d Cir. 2010).  The Court of Appeals reversed the Court's decision with respect to count one, however, and upheld the CEP against the plaintiffs' challenges that the Connecticut campaign finance system's single-election qualification criteria, statewide qualification criteria, and distribution formulae unconstitutionally burdens minor parties' rights to political opportunity.  *Id.* at 225.  In a separate opinion, the Court of Appeals affirmed the Court's decision that Conn. Gen. Stat. § 9-612(g)(2), which, in part, bans state contractors from making campaign contributions to candidates for state office, does not violate the First Amendment.  *Green Party of Conn. v. Garfield*, 616 F.3d 189, 205 (2d Cir. 2010).  The Court of Appeals, however, reversed the Court's decisions with respect to Conn. Gen. Stat. § 9-610(g), which bans lobbyists from making campaign contributions to candidates for state office, and Conn. Gen. Stat. §§ 9-610(h) & 9-612(g)(2), which ban lobbyists and state contractors from soliciting campaign contributions for candidates for state office, and held that those provisions violated state contractors' and lobbyists' First Amendment rights.  *Id.* at 207, 210.

Therefore, it is hereby ORDERED and ADJUDGED that judgment is entered in favor of the plaintiffs Green Party of Connecticut, S. Michael DeRosa, and the Libertarian Party with respect to counts two and three because the CEP's excess and independent expenditure trigger

provisions burden the plaintiffs' First Amendment speech rights.  Judgment is also entered in favor of the plaintiffs the ACL, Barry Williams, Anne C. Robinson, Elizabeth Gallo, Joanne P. Phillips, Roger C. Vann with respect to the claims in count four that the Connecticut Campaign Finance Reform Act ("CFRA")'s prohibition of lobbyists making and soliciting campaign contributions, and state contractors soliciting campaign contributions, violates the First Amendment.

Dated at Bridgeport, Connecticut this 13th day of December 2010.

ROBERTA D. TABORA, Clerk


BY   /s/ Barbara Sbalbi
         Deputy Clerk


Entered on Docket _____